UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RECEIVED BY MAIL
NOV 21 2024
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

Damien Lashaun Nelson
      **Plaintiff,**

V.

Minnesota Department of Corrections,
Minnesota DOC ADA Coordinatores and
Committee, and Centurion of Minnesota
Amber Swanson, Eric Hennen and (Any
Additional Defendants)
      **Defendants.**

COURT FILE NO:

24-cv-4244 (DSD/TNL)

**COMPLAINT WITH JURY DEMAND**

## INTRODUCTION

**1. Plaintiff,**

Damien Lashaun Nelson brings this action against the Minnesota Department of Corrections, Minnesota DOC ADA Coordinatores and Committee, and Centurion of Minnesota, Amber Swanson, Eric Hennen, and (Any Additional Defendants) for violation of his rights under the Americans with Disabilities Act, 42 U.S.C. 12132, and Section 504 of the Rehabilitation Act 29 U.S.C. 794.

**2. Plaintiff,** who is Legally Blind, alleges that Defendants DENIED reasonable accommodations necessary to allow him access to services and to participate in prison programs and facilities on equal basis with other inmates.

## PARTIES

3. Plaintiff, Damien Lashaun Nelson is an individual incarcerated in the Minnesota Department of Corrections, MCF/Stillwater and is legally blind, defined by the State of Minnesota

4. Defendant, Minnesota Department of Corrections (DOC) is a State Agency responsible for the operation and management of correctional facilities within Minnesota and is subject to the ADA and Rehabilitation Act as it receives Federal funding.

5. Defendants, Minnesota DOC, ADA Coordinatores and Committees are responsible for ensuring compliance with ADA and Rehabilitation.



6. Defendants, Centurion of Minnesota is a Health Agency contracted with the Minnesota Department of Corrections (DOC) whom are responsible for the operation, management, and care of IP's (Incarcerated Person's) within the correctional facilities within Minnesota.

Defendant Amber Swanson is an individual employed by the (DOC) and/or its agency and is a Nursing Supervisor at MCF/Stillwater.

Defendant, Eric Hennen is an individual employed by the Minnesota Department of Corrections.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1331 as it arise's under federal law, specifically the ADA and Rehabilitation Acts.

10. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because the acts and omissions giving rise to this action occurred in the district of Minnesota.

## FACTUAL ALLEGATION

11. Plaintiff is legally blind and requires specific accommodations, including accessible communication, larger printed text, and assistance to navigate his enviroment safely.

12. Plaintiff requested a service dog to assist with his disability which was DENIED by Defendants.

13. Plaintiff requested printed materials in a larger text due to vision loss, which was also DENIED.

14. Plaintiff is color-blind and requires accommodations to distingush colors, particularly when navigating facilities or completing tasks that require color recognition, Defendants DENIED this request.

15. Defendants required Plaintiff to work in food service despite his visual impairment, where he was forced to work at .50 cents an hour under threat of cell confinement if he refused.

16. Defendants have not provided accessible telecommunication device's for plaintiff to communicate, making it challenging to arrange necessary service's.

17. Defendants directed Plaintiff to rely on other inmates (IP's) for assistance which lead to lost items, for Plaintiff was subsequently held responsible.

18. Defendant(s) Amber Swanson and Eric Hennen showed RECKLESS DISREGARD towards plaintiff's ADA disability by DENYING him access to things he needed to help deal with his daily pain,

2

etc., by stating he needed to order medication off the canteen knowing that Plaintiff can't see small print let alone read small print, leaving Plaintiff to suffer without things he needs to help him survive in a prison with no accommodations and also stated Plaintiff was faking his blindness to other DOC staff despite what a medical doctor stated as TRUE and ACCUATE assessments, stating doctors can only make recommendations, the DOC has the final say regarding Plaintiffs care.

19. Plaintiff has appealed multiple DENIALS of his accommodation requests to the Minnesota DOC Central Office, which upheld the DENIAL of accommodations based on out-dated and inaccurate assessments of Plaintiffs medical needs.

## CLAIMS FOR RELIEF

**COUNT I:** VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)

20. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

21. Under Title 11 of the ADA, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. 12132

22. Plaintiff is a qualified individual with a disability as defined by the ADA.

23. Defendants denial of reasonable accommodations, including a service dog, accessible telecommunication devices, larger printed text, and appropriate support in daily activities constitutes DISCRIMINATION under the ADA.

24. Defendants actions have caused Plaintiff to experience unnecessary hardship and prevented him from accessing programs and services on an equal basis with other inmates.

**COUNT II:** VIOLATION OF THE REHABILITATION ACT

25. Plaintiff incorporates by the reference all preceding paragraphs as though fully set forth herein.

26. Scetion 504 of the Rehabilitation Act prohibits discrimination against individuals with disabilities in programs receiving Federal financial assistance. 29 U.S.C. 794

27. As a reccipient of Federal fundings, the Minnesota DOC is obligated under the Rehabilitation Act to provide reasonable accommodations to individuals.

28. Defendants refusal to accomadate Plaintiffs vision disability resulting in a denial of access to services, programs, and

3

equal treatment constitutes a violation of Section 504 of the Rehabilitation Act..

**COUNT III:** NEGLIGENCE – SUPPLEMENTAL JURISDICTION, STATE LAW CLAIM

29. Plaintiff incorporates by the reference all preceding paragraphs though fully set forth herein.

30. Defendants owed Plaintiff a duty of care to accommodate his disability in a manner that ensures his safety and ability to function independently.

31. By DENYING Plaintiffs requests for reasonable accommodations, Defendants breached this duty, resulting in harm to Plaintiffs physical and mental well-being.

## PRAYERS FOR RELIEF

**WHEREFORE,** Plaintiff respectfully request that this Court:

1. Declare that Defendants conduct violates the ADA and the Rehabilitation Act.

2. Enter an Injunction requiring Defendants to provide reasonable accommodations to Plaintiff, INCLUDING A SERVICE DOG, accessible telecommunications, large print material, and appropreiate work accommodations, etc.

3. Award Compensatory damages for Plaintiffs pain and suffering and the harm caused by Defendants discriminitory actions.

4. Award Monetory Relief to exceed 100,000.00 U.S. Dollars, but not to exceed 5.1 Million U.S. Dollars which should be paid jointly by each Defendant in both capacities.

5. Public apology and retraction statement to be made by the Minnesota Department of Corrections and other DOC Officials.

6. Award Plaintiff reasonable attorneys fee's and cost's incurred in bringing this action.

7. GRANT any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS COMPLAINT:

In support of this complaint, Plaintiff offers the following legal authority:

1. Americans with Disability Act- (ADA), 42 U.S.C. Statute 12132. This statute prohibits discrimination against individuals with disabilities in public services. The ADA requires public entities such as correctional facilities to provide reasonable accommodations that allow disabled individuals to participate equally in services, programs, and activities. See TENNESSE V. LANE, 541 U.S. 509(2004).

2. Rehabilitation Act, 29 U.S.C. Statute 794 under the rehabilitation Act, Federally funded programs must provide reasonable accomodations for disabled individuals. The Minnesota DOC, as a recipient of Federal funds, is subject to this statute. Failure to provide necessary accommodations for legally blind individuals violates the Rehabilitation Act. See ALEXANDER V. CHOATE, 469 U.S. 287(1985).

3. Constitutional Duty of Care- The Eighth Amendment prohibition on Cruel and Unusual Punishment as interpreted in ESTELLE V. GAMBLE, 429 U.S. 97(1976), establish's that prisoners are entitled to necessary medical care and accommodations. Failure to provide appropreate support to Plaintiff, dispite his documented disability may constitute a form of DELIBERATE INDIFFERENCE.

This memorandum supports Plaintiffs claims and further underscores that denying necessary accommodations is clearly in violation of Federal law, imposing the Defendants a duty to act without discrimination in their handling of disabled individual under their care.

DATED: Nov-18-2024

Damien Lashaun Nelson (pro-se)
MCF/Stillwater
970 Pickett St. N
Bayport, Mn 55003-1490

Email: Damien.Lashaun1989@gmail.com
Phone- 901-653-4522

Signed under the penalty of perjury under the Laws of the United States of America and the State of Minnesota

5