**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Damien Lashaun Nelson,

Plaintiff,

v.

Minnesota Department of Corrections, et al.,

Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION WITH MODIFICATION**

Civil No. 24-04244 (MJD/DTS)

---

The above-entitled matter comes before the Court upon the Report and Recommendation ("R&R") of United States Magistrate Judge David T. Schultz dated June 8, 2026. (Doc. 100.) Defendants Minnesota Department of Corrections, ("DOC"), Minnesota DOC Americans with Disabilities Act ("ADA") Coordinators[1] and Committee, Amber Swanson, and Eric Hennen (collectively "Defendants") filed objections to the R&R. (Doc. 102.) While Plaintiff Damien Lashaun Nelson ("Plaintiff") was granted additional time to respond to

---

[1] Note that Plaintiff spells "coordinators" as "coordinatores" in his Complaint. The Court has corrected the spelling throughout this Order.

Defendants' objections (Docs. 103, 104), Plaintiff ultimately did not file a response.

Pursuant to statute, the Court has conducted a de novo review upon the record. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Based upon that review, the Court adopts the R&R with modification.

## I. Facts

The Court adopts the facts as stated in Magistrate Judge Schultz's R&R and as incorporated by reference in an earlier factual summary. (See Docs. 100, 35.) The Court restates here only the facts that are relevant to the Court's analysis.

On November 21, 2024, Plaintiff filed suit against[2] the Minnesota DOC, the DOC ADA Coordinators and Committee, Nursing Supervisor Amber Swanson, and DOC employee Eric Hennen, alleging that the parties denied him reasonable accommodations in violation of Title II of the ADA and Section 504 of the Rehabilitation Act as well as alleging negligence claims based on the failure to provide accommodations. (Doc. 1 ¶¶ 20–31.)

[2] Plaintiff also named Centurion of Minnesota as a defendant, but Centurion's Motion to Dismiss the claims against it was granted. (See Doc. 42.)

Plaintiff is an inmate at the Minnesota Correctional Facility in Stillwater, Minnesota, and he has severely impaired vision, rendering him both legally blind and color blind. (Doc. 35 at 1.) Among other allegations, Plaintiff alleges that Defendants "have not provided accessible telecommunications device[s] for plaintiff to communicate, making it challenging to arrange necessary service[s]." (Doc. 1 ¶ 16.) Plaintiff then maintains that without access to accessible telecommunication devices, Plaintiff was "prevented [] from accessing programs and services on an equal basis with other inmates." (Id. ¶ 24.)

Plaintiff moved for an emergency injunction, leave to file an amended complaint, miscellaneous relief, and for summary judgment. (Docs. 65, 66, 69, 92.) Defendants moved for summary judgment on Plaintiff's claims. (Doc. 53.) In the R&R, Magistrate Judge Schultz recommends denying Plaintiff's motions for emergency injunction, miscellaneous relief, and summary judgment. (Doc. 100.) In addition, Magistrate Judge Schultz recommends granting Defendants' motion for summary judgment on all counts with the exception of Plaintiff's ADA and Rehabilitation Act claims for injunctive relief against Defendants DOC and Eric Hennen regarding Plaintiff's requests for accessible telecommunications devices. (Id.)

Only Defendants filed an objection to the R&R, focusing their argument on why summary judgment is warranted on all Plaintiff's claims, including the "accessible telecommunication devices" issue. (Doc. 102.) Because there were no objections lodged on the other recommendations and the Court has not discerned any error on its own, the Court will address only the "accessible telecommunication devices" issue raised in the R&R.

## II. OBJECTION TO R&R

As part of his recommendation, Magistrate Judge Schultz determined that summary judgment was not warranted on Plaintiff's allegation that DOC and Hennen violated the ADA by failing to provide accessible telecommunication devices. (Doc. 100 at 7, 17.) Magistrate Judge Schultz noted that Plaintiff requested access to a phone with a talkback feature, and there is no evidence in the record that Plaintiff was provided such device or that he was able to meaningfully access it. (Id. at 7.) Magistrate Judge Schultz reasoned that the "undisputed evidence demonstrates that a genuine issue of material fact exists as to whether the requested accommodation was provided." (Id.)

Defendants objected to the R&R on this point. Defendants point to the declaration of Daniel Moe, DOC's Associate Warden of Operations, who testified

that Plaintiff's request to access a phone with a talkback feature was granted, and that Plaintiff's living unit had such phones that are available to check out. (Doc. 102 at 3 (citing Doc. 60 ¶¶ 6–8).) Defendants also contend that Plaintiff's complaint is not specific as to what "accessible telecommunication devices" meant; for instance, Plaintiff's other requests include a request for a "ADA tablet to view words like AutoBook," that is not available to anyone, so "it is possible that Nelson's allegation in his complaint simply refers to the unavailability of a personal tablet—not because his accommodation was denied." (Doc. 102 at 3–4 (citing Doc. 56-1 at 15–16).)

The Court is persuaded by Defendants' position. Plaintiff specifically alleges that he was "not provided accessible telecommunication device[s]." (Doc. 1 ¶ 16.) Defendants, on the other hand, have submitted uncontradicted testimony that he is provided accessible telecommunication devices, like phones with a talkback feature, because these phones are available to individuals like Plaintiff with accommodations to check out. (See Doc. 60 ¶¶ 6–8.) Had Plaintiff alleged that he could theoretically access the phones but faced obstacles in doing so – for instance, alleging that the phones were not available to <u>him</u> or that the phones

were not helpful accommodations – the analysis might be different, but that is not what he alleged.

To the extent the R&R treats the mere availability of accessible phones as insufficient, the Court respectfully disagrees. To establish a violation of Title II of the ADA or Section 504 of the Rehabilitation Act (which are typically analyzed together), a public entity must make "reasonable accommodations where necessary to give meaningful access to programs or benefits." Mason v. Corr. Med. Servs., Inc., 559 F.3d 880, 886 (8th Cir. 2009) (emphasis added). Here, Plaintiff identifies no evidence that he was denied access to the accessible phones he sought. In fact, the evidence presented by Defendants indicates that such phones were directly available to him. As such, summary judgment in favor of Defendants is appropriate.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. The Court **ADOPTS with modification** the Report and Recommendation of United States Magistrate Judge David T. Schultz dated June 8, 2026 **[Doc. 100]**;
2. Plaintiff's Motion for Emergency Injunction **[Doc. 65]** is **DENIED**;

3. Plaintiff's Motion for Miscellaneous Relief **[Doc. 69]** is **DENIED**;

4. Plaintiff's Motion for Summary Judgment **[Doc. 92]** is **DENIED**; and

5. Defendants Minnesota Department of Corrections, Minnesota Department of Corrections ADA Coordinators and Committee, Amber Swanson, and Eric Hennen's Motion for Summary Judgment **[Doc. 53]** is **GRANTED** insofar as all claims against Defendants are **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 11, 2026

s/Michael J. Davis
Michael J. Davis
United States District Court